Margaret B. MARTIN, Individually, and as Executor of the Last Will of John C. Martin, Deceased, Plaintiff-Appellee,

v.

The UNITED STATES of America, Defendant-Appellant.

No. 11467.

United States Court of Appeals Seventh Circuit.

Feb. 8, 1956.

---

H. Brian Holland, Asst. Atty. Gen., John J. Kelley, Jr., Atty., Tax Division, U. S. Dept. of Justice, Washington, D. C., C. M. Raemer, U. S. Atty., East St. Louis, Ill., Lee A. Jackson, Robert N. Anderson, Davis W. Morton, Jr., Attys., Dept. of Justice, Washington, D. C., for appellant.

Harold G. Baker, Leigh M. Kagy, John M. Ferguson, East St. Louis, Ill., for appellee, Baker, Kagy & Wagner, East St. Louis, Ill., of counsel.

Before FINNEGAN, LINDLEY and SCHNACKENBERG, Circuit Judges.

LINDLEY, Circuit Judge.

The Government appeals from a judgment in favor of plaintiff, entered in pursuance of the opinion of the District Court reported in Martin v. United States, 128 F.Supp. 576, wherein Judge Wham carefully analyzed the facts and the legal questions presented and answered the arguments of the Government now renewed upon appeal.

An examination of the record discloses that it adequately supports the findings of facts of the District Court. We agree with the court's reasoning and its conclusion that plaintiff's testate's income involved here was realized from capital gains and was not ordinary income for income tax purposes, and that no elements essential to the relationship of a joint undertaking had been proved. The court supplemented its findings contained in the opinion with more formal findings of fact and conclusions of law, which we have examined, and which, under the record, we find are supported by the evidence and by the law. Consequently, there is little need of elaboration.

However, since the appeal was taken, we have decided the case of Chandler v. United States, 7 Cir., 226 F.2d 403, and in our opinion in that matter the Government seems to find some comfort. However, a review of our decision in the case last cited, discloses that it is in accord with Judge Wham's conclusions in the present case. The facts there were such that we held the taxpayers, in disposing of certain assets, did not realize ordinary income from sales, but capital gains, just as the District Court found was the situation in the case at bar. The decision in this case is also in accord with our reasoning in Three States Lumber Co. v. Commissioner, 7 Cir., 158 F.2d 61.

The Government cites also a case in the Supreme Court decided since the judgment was entered below, Corn Products Refining Co. v. Commissioner, 350 U.S. 46, 76 S.Ct. 20. However, we think nothing in that opinion impinges in any way on the soundness of the conclusion reached by the District Court in this case. The holding there was that buying corn for future delivery by the Corn Products Refining Company, which was using the commodity in producing corn sugar and other products, was an integral part of the taxpayer's manufacturing business, and therefore did not result in capital gains. In other words, the decision turned upon the particular facts there involved, and did not touch in any way upon the problems and issues presented in this case.

We find no error in the District Court's decision and approve its reasoning; the judgment is

Affirmed.